### SHAW v. ABBOTT.

Claiming and exercising the right to open and close is not necessarily an assumption of the burden of proof.

PETITION, to redeem land from a mortgage for $300, dated December 7, 1871. The plaintiff holds a mortgage on the premises dated May 30, 1872, for $500; and the defendant, besides his mortgage of December 7, 1871, holds another mortgage on the premises, dated January 25, 1873. All the mortgages were made by the plaintiff's father. The defendant denies the right of the plaintiff to redeem the mortgage of December 7, 1871, without also redeeming the mortgage of January 25, 1873, and sets out in his answer a writing purporting to be signed by the plaintiff, agreeing, in consideration of a loan of $300 to his father, secured by the mortgage of January 25, 1873, to postpone his mortgage of May 30, 1872, and allow the mortgage of January 25, 1873, to take precedence. The action being committed to a referee, to find, among

other things, whether the plaintiff made the agreement to substitute mortgages, as set up in the defendant's answer, both parties claimed the right to open and close. The referee, against the defendant's objection, allowed the plaintiff to open and close. The plaintiff offered the report of a former referee and the pleadings in this cause, and rested. The defendant offered no evidence, and claimed that the referee must find that the plaintiff executed the agreement set out in the defendant's answer, in the absence of any evidence to the contrary. The referee so held, and the plaintiff excepted.

*Norris & Rand*, for the plaintiff.

*Albin*, for the defendant.

CLARK, J.   The burden of proof was upon the defendant to show the due execution of the agreement set up in the answer. 1 Greenl. Evid., *ss.* 74–81. The case was not within the rule of court relating to the signature of instruments declared on. *Benedict* v. *Swain*, 43 N. H. 33. It was not a cause in equity heard on bill and answer, where the allegations of the answer must be taken to be true. *Rogers* v. *Mitchell*, 41 N. H. 154. Nor was the burden of proof changed by the fact that the plaintiff claimed and was allowed the right to open and close. Although the right to open and close may be determined by the burden of proof *(Judge of Probate* v. *Stone*, 44 N. H. 593), and has sometimes been allowed on condition of assuming it *(Schoff* v. *Laithe*, 58 N. H. 503), the exercise of the right to open and close is not necessarily an assumption of the burden of proof. The holding of the referee, that he must find that the plaintiff executed the agreement set forth in the defendant's answer, in the absence of any evidence to the contrary, was erroneous.

*Report recommitted.*

STANLEY, J., did not sit: the others concurred.